UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Mesa Underwriters Specialty Insurance Company, | Case No. |
| Plaintiff, | |
| v. | **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| Central Crown LLC, | |
| Defendant. | |

_____

**PLAINTIFF MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**, by and through its undersigned counsel, files this Complaint seeking a declaration of the rights, interests, and responsibilities of the parties under a certain policy of insurance, policy no. MP0024006000461 (the "MUSIC Policy"), issued to Central Crown LLC, and states and alleges as follows:

### PARTIES

**1.** Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") is an insurance company organized under the laws of the state of New Jersey with its principal place of business located at 40 Wantage Avenue, Branchville, NJ 07890.

**2.** Defendant Central Crown LLC ("Central Crown"), is a Minnesota Limited Liability Corporation with its principal place of business located at 1099 Argyle St., St. Paul, MN 55103.

### JURISDICTION AND VENUE

**3.** This court has subject matter jurisdiction over the parties and this action

1

under 28 U.S.C. § 1332 (Diversity Jurisdiction), and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment). Plaintiff is a New Jersey insurance company and Defendant is a Minnesota Limited Liability Corporation. Excluding interest and costs the amount in controversy exceeds $75,000.00.

4. Venue is proper in the United States District Court for the District of Minnesota under 28 U.S.C. § 1332 (Diversity Jurisdiction) and 28 U.S.C. § 1391 (Venue).

## POLICY

5. The MUSIC Policy, MP0024006000461, attached as **Exhibit A** to this Complaint, was issued to Central Crown, effective June 1, 2022, to June 1, 2023. The MUSIC Policy contains a limit of liability of $1,000,000.00 for each occurrence, and a General Aggregate Limit of Liability of $2,000,000.00.

6. The MUSIC Policy is a surplus lines policy, issued pursuant the Minnesota Surplus Lines Insurance Act, Minn. Stat. 60A.195 to 60A.209, and was purchased in Minnesota.

7. The MUSIC Policy contains an exclusion titled "EXCLUSION-PARTICIPANTS".

8. The EXCLUSION-PARTICIPANTS states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION – PARTICIPANTS

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is added to **Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Participants Exclusion**

A. "Bodily injury", "personal and advertising injury" or "medical payments" to "any person" while preparing, qualifying, auditioning, practicing, participating, working or volunteering in or for any contest, demonstration, event, exhibition, race, show, or any related or associated activities; and,

B. "Property damage" to the personal property of "any person" while preparing, qualifying, auditioning, practicing, participating, working or volunteering in or for any contest, demonstration, event, exhibition, race, show, or any related or associated activities.

As used in this exclusion, "any person" includes but is not limited to participants, "employees", "volunteer workers", "temporary workers" or any other person employed by, contracted by or doing volunteer work for the Named Insured, including but not limited to medical personnel, mechanics, stewards, timing officials, judges, referees, umpires, announcers, corner men, musicians, singers, stage hands, animal handlers or other officials.

All other terms and conditions of this policy remain unchanged.

**9.** The MUSIC Policy contains an exclusion titled "EXCLUSION-UNSCHEDULED ACTIVITIES and EVENTS".

**10.** The EXCLUSION-UNSCHEDULED ACTIVITIES and EVENTS states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – UNSCHEDULED ACTIVITIES and EVENTS**

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is added to COVERAGES A, B and C (Section I)

This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or medical payments for activities or events not scheduled by endorsement or shown in the Declarations.

All other terms and conditions of this policy remain unchanged.

11. The Crown Rally West event was not scheduled by endorsement or shown in the Declarations of the MUSIC Policy.

12. The MUSIC Policy contains an exclusion titled "EXCLUSION-ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMISES".

13. The EXCLUSION-ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMISES states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMISES**

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Schedule**

| Description And Location Of Premises: |
|---|
| EXCLUDE ANY AND ALL TRACK STOPS/RACING DURING THE RALLIES. |

(If no entry appears above, information required to complete this endorsement will be

shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule or any property located on these premises;

2. Operations on those premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of those premises; or

3. Goods or products manufactured at or distributed from those premises.

14. The MUSIC Policy contains an exclusion titled "Expected or Intended Injury".

15. The "Expected or Intended Injury" exclusion states:

**2. Exclusions**

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

16. The MUSIC Policy contains an exclusion titled "Employer's Liability".

17. The "Employer's Liability" exclusions states:

This insurance does not apply to:

….

e. Employer's Liability
   "Bodily injury" to:

    (1) An "employee" of the insured arising out of and in the course of:

        (a) Employment by the insured; or

        (b) Performing duties related to the conduct of the insured's business; or

    (2) The Spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

    **18.**    Other terms and clauses of the MUSIC Policy, which among other things impose certain duties on Central Crown, and other exclusions to the application of coverage, are specifically incorporated herein by reference.

## UNDERLYING FACTUAL ALLEGATIONS

    **19.**    This Complaint is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks an order from the Court declaring the rights, responsibilities, and interests of MUSIC with respect to the duty to defend, the duty to indemnify, and the scope of coverage if any, for Central Crown in connection with the death of Michal Mroz on or around June 16, 2022.

    **20.**    Michal Mroz's Estate, through its Special Administrator Cassandra Mroz (the "Mroz Estate"), claims that on or around June 16, 2022, Mr. Mroz was involved in a crash as a passenger in a 2022 Porsche 992 Turbo S. vehicle driven by Lawrence Chachko.

    **21.**    The Mroz Estate alleges that the crash caused Michal Mroz to suffer severe injuries that resulted in his death.

6

22. The crash was allegedly caused by Lawrence Chachko's negligent driving of the vehicle at dangerous speeds.

23. The Mroz Estate alleges the crash was in connection with an invite-only rally event known as Crown Rally West, and alleges the event was controlled by Central Crown.

24. The Mroz Estate alleges that Central Crown hired Michal Mroz to document the Crown Rally West event.

25. The Mroz Estate alleges that Central Crown was aware and knew that dangerous and high-speed racing occurred at its events.

26. The Mroz Estate alleges that Central Crown was aware and knew that dangerous and high-speed racing had caused crashes at its previous events.

27. The Mroz Estate alleges that Central Crown was aware and knew that dangerous and high-speed racing would occur at the Crown Rally West event, and other similar events.

28. On June 30, 2022, Central Crown, through its manager Justin S. Brouwer, gave notice to MUSIC of the crash and that it may have a claim under the MUSIC Policy for the alleged damages as a result of the crash.

29. After conducting a preliminary investigation, MUSIC responded by letter to the June 30, 2022, notice of potential claim. MUSIC's letter advised Central Crown of MUSIC's coverage position and referenced the PARTICIPANTS, UNSCHEDULED EVENTS and ACTIVITIES, and ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMESIS exclusions. The letter advised Central Crown of MUSIC's

understanding that no formal claims had been made directly against Central Crown, and that MUSIC expressly reserved all of its rights.

30. On August 9, 2022, the Mroz Estate initiated a lawsuit against Central Crown, among others, alleging that Central Crown was negligent in failing to exercise care under the circumstances to protect the safety of Michal Mroz on and near the designated rally route. Attached as **Exhibit B** to this Complaint is the Mroz Estate's Complaint in the underlying tort action (the "Original Complaint").

31. On February 16, 2023, the Mroz Estate filed an Amended Complaint in the underlying tort action. Attached as **Exhibit C** to this Complaint is the Mroz Estate's Amended Complaint (the "Underlying Complaint").

32. In the Underlying Complaint the Mroz Estate additionally alleges that Lawrence Chachko was an agent, apparent agent, employee, and/or servant of Central Crown, and that Lawrence Chachko operated the 2022 Porsche 992 Turbo S. vehicle in furtherance of and in the scope of his alleged duty as an officer, employee, agent, apparent agent, and/or servant of Central Crown.

33. On or around October 4, 2022, Central Crown, through its manager Justin S. Brouwer, gave notice to MUSIC that the Original Complaint had been served on Central Crown.

34. On or around February 16, 2023, Central Crown through its manager Justin S. Brouwer, gave notice to MUSIC that the Underlying Complaint had been served on Central Crown.

35. MUSIC responded by letter to the notice that the Underlying Complaint had

been served on Central Crown.  MUSIC's letter advised Central Crown of MUSIC's coverage potion and referenced the PARTICIPANTS, UNSCHEDULED EVENTS and ACTIVITIES, ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMESIS, Expected or Intended Injury, and Employer's Liability exclusions.

36. Based on the PARTICIPANTS, UNSCHEDULED EVENTS and ACTIVITIES, ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMESIS, Expected or Intended Injury, and Employer's Liability exclusions, MUSIC has accepted the defense of Central Crown against the claims in the Underlying Complaint under a reservation of rights.  MUSIC has advised Central Crown of its acceptance of Central Crown's defense, its coverage position, and its reservation of rights through by letters dated October 27, 2022, and April 20, 2023.

## COUNT I
## (DECLARATORY JUDGMENT)

37. MUSIC restates and realleges paragraphs 1-36 as though fully set forth herein.

38. This is an action for declaratory judgment pursuant to sections 2201 and 2202 of Title 28 of the United States Code, and Federal Rule of Civil Procedure 57.  The purpose of this declaratory judgment action is to determine questions of actual controversy between the parties, and to obtain a declaration of the rights and other legal relations of MUSIC and Central Crown with respect to the claims asserted against Central Crown and Central Crown's alleged agent in the Underlying Complaint.

39. The MUSIC Policy issued to Central Crown does not provide coverage for

any of the claims asserted against Central Crown and Central Crown's alleged agent in the Underlying Complaint.

40. The MUSIC Policy does not cover the alleged acts or omissions in the Underlying Complaint because those claims are excluded by the plain language of the MUSIC Policy. The Underlying Complaint describes acts or omissions conducted by participants of the Crown Rally West event, who were racing during the event, where Central Crown knew and expected that there would be racing, when the event was not scheduled by endorsement or shown in the Declarations of the MUSIC Policy, and where the acts or omissions damaged an employee of Central Crown. As such, the claims of the Underlying Complaint are excluded by the PARTICIPANTS, UNSCHEDULED EVENTS and ACTIVITIES, ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMESIS, Expected or Intended, and Employer's Liability exclusions, and the MUSIC Policy as a whole.

41. Plaintiff MUSIC seeks a declaration that the MUSIC Policy does not cover the alleged acts or omissions in the Underlying Complaint and therefore it owes no duty to defend Central Crown or its alleged agent in regard to the Underlying Complaint. Plaintiff MUSIC also seeks a declaration that MUSIC has no duty to pay any indemnity arising out of the claims against Central Crown and its alleged agent in regard to the Underlying Complaint.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff MUSIC respectfully requests that this Court

adjudicate the rights and responsibilities of the parties with respect to the subject MUSIC Policy and the incident described in the Underlying Complaint, and further asks the Court for the following relief:

1. A Declaratory Judgment that no coverage exists under the MUSIC Policy for the claims alleged against Central Crown and its alleged agent in the Underlying Complaint.

2. A Declaratory Judgment that Plaintiff MUSIC owes no duty to defend Central Crown and its alleged agent against the allegations and causes of action set forth against Central Crown and its alleged agent in the Underlying Complaint.

3. A Declaratory Judgment that Plaintiff MUSIC shall have no obligation to pay any judgment obtained against Central Crown and/or its alleged agent based on the allegations and causes of action set forth against Central Crown and its alleged agent in the Underlying Complaint.

4. Such other and further relief to Plaintiff MUSIC as the Court deems just and equitable.

Dated: 6/1/2023                                                     BROWNSON PLLC

*/s/ Kristi K. Brownson*
Kristi K. Brownson (#259986)
Timothy L. Garvey (#0399232)
225 South Sixth Street
Suite 4800
Minneapolis, Minnesota 55402

(612) 332-4020
kbrownson@brownsonpllc.com
tgarvey@brownsonpllc.com
***Attorneys for Plaintiff Mesa Underwriters Specialty Insurance Company***

12